UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KAILEY SOUTHWORTH,

                          Appellant,                    Case No. 1:20-CV-1430(GTS)

v.

CODIE B. SOUTHWORTH,

                          Appellee.


_____

APPEARANCES:                                OF COUNSEL:

KAILEY SOUTHWORTH
   Appellee, *Pro Se*
111 Oswald Street
Pawtucket, RI 02861

SELBACH LAW OFFICES, P.C.                   JAMES F. SELBACH, ESQ.
   Counsel for Appellant
8809 Daylight Drive
Liverpool, NY 13090

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

        Currently before this Court is the appeal of Kailey Southworth ("Appellant") from the

Memorandum-Decision and Order of United States Bankruptcy Judge Robert E. Littlefield, Jr.,

issued on November 4, 2020, granting the motion of Codie B. Southworth ("Debtor") for

summary judgment to the extent it requested a finding that the post-discharge collection activities

of Appellant (and Attorney Richard B. Applebaum) violated the Bankruptcy Court's discharge

injunction of February 25, 2019, under 11 U.S.C. § 524.  (Dkt. No. 1.)  For the reasons set forth

below, Appellant's appeal is denied, and Bankruptcy Judge Littlefield's Memorandum-Decision

and Order of November 4, 2020, is affirmed.

## I.      RELEVANT BACKGROUND

For the sake of brevity, the Court will not recite the underlying bankruptcy action's procedural history, of which the parties have demonstrated an adequate understanding in their briefs.  (*See generally* Dkt. Nos. 16, 17, 18.)  Rather, the Court will merely highlight the fact that, through granting Debtor's request for a finding that the post-discharge collection activities of Appellant (and Attorney Applebaum) violated the Bankruptcy Court's discharge injunction, Bankruptcy Judge Littlefield rejected the suggestion (adduced by Attorney Applebaum) that the bankruptcy case should be reopened to discharge additional debt.  (Dkt. No. 1, Attach. 1, at 5-6.)

Generally, in her brief in-chief, Appellant asserts four arguments: (1) Bankruptcy Judge Littlefield erred by not reopening the bankruptcy case for the limited purpose of adding Appellant as a creditor; (2) if the Court is not able to reopen the bankruptcy case for the limited purpose of adding Appellant as a creditor, then it should direct the Bankruptcy Court to provide Appellant with documentation in the form of an Order of Discharge (so that she may claim her losses on her tax return); and (3) Bankruptcy Judge Littlefield erred by not either recusing himself or informing the parties that he was the founding member of the Capitol Region Bankruptcy Bar Association, whose president is Appellee's attorney, Michael L. Boyle.  (Dkt. No. 16.)

Generally, in his response brief, Appellee asserts three arguments: (1) Bankruptcy Judge Littlefield did not err by not reopening the case for the limited purpose of adding Appellant as a creditor (or for not providing Appellant with an Order of Discharge); (2) Bankruptcy Judge Littlefield did not err by not informing the parties that he was the founding member of the Capitol Region Bankruptcy Bar Association, whose president is Attorney Boyle; and (3)

Bankruptcy Judge Littlefield did not err by not recusing himself because he was the founding member of the Capitol Region Bankruptcy Bar Association.  (Dkt. No. 17.)

Generally, in her reply brief, Appellant asserts two arguments: (1) courts regularly reopen bankruptcy cases for the limited purpose of adding a creditor; and (2) if the Court is not able to do so here, then it should direct the Bankruptcy Court to provide Appellant with an Order of Discharge.  (Dkt. No. 18.)

## II.   LEGAL STANDARD

This Court has jurisdiction to hear this appeal under 28 U.S.C. § 158(a).  On an appeal, "a district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  *Verna v. U.S. Bank Nat'l Ass'n*, 15-CV-1127, 2016 WL 5107115, at *2 (N.D.N.Y. Sept. 20, 2016) (Kahn, J.) (citing former Fed. R. Bankr. P. 8013); *accord, W. Milford Shopping Plaza, LLC v. The Great Atl. & Pac. Tea Co. (In re Great Atl. & Pac. Tea Co.)*, 14-CV-4170, 2015 WL 6395967, at *2 (S.D.N.Y. Oct. 21, 2015).[1]  The bankruptcy court's legal conclusions are subject to *de novo* review.  *Asbestosis Claimants v. U.S. Lines Reorganization Trust (In re U.S. Lines, Inc.)*, 318 F.3d 432, 435 (2d Cir. 2003).  The bankruptcy court's factual findings are subject to clear-error review.  *Hudson v. Harris*, 09-CV-1417, 2011 WL 867024, at *9 (N.D.N.Y. Mar. 10, 2011) (Scullin, J.).[2]  Finally, mixed

---

[1]    Although Fed. R. Bankr. P. 8013 was amended in 2014 and no longer explicitly states, *inter alia*, that a district court "may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree," "logic still compels the same conclusion with respect to the appellate powers of the District Court."  *In re Great Atl. & Pac. Tea Co.*, 2015 WL 6395967, at *2 & n.1.

[2]    A district court may find a bankruptcy court's determination to be clearly erroneous when, on consideration of the record as a whole, the court is left with the definite and firm conviction that a mistake has been committed.  *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163,

questions of law and fact are reviewed "either *de novo* or under the clearly erroneous standard depending on whether the question is predominantly legal or factual." *Bay Harbour Mgmt., L.C. v. Lehman Bros. Holdings Inc. (In re Lehman Bros. Holdings, Inc.)*, 415 B.R. 77, 83 (S.D.N.Y. 2009) (quoting *Italian Colors Rest. v. Am. Express Travel Related Servs. Co. (In re Am. Express Merchants' Litig.)*, 554 F.3d 300, 316 n.11 [2d Cir. 2009]).

## III.   ANALYSIS

After carefully considering Appellant's arguments on appeal, the Court rejects those arguments for each of the reasons offered by Appellee in his response brief and the reasons offered by Bankruptcy Judge Littlefield in his Memorandum-Decision and Order of November 4, 2020. *See, supra,* Part I of this Decision and Order.  To those reasons, the Court adds the following analysis, which is intended to supplement and not supplant those reasons.

For the sake of brevity, the Court need not linger on the fact that Appellant never substantively opposed the legal arguments presented by the motion on which the Memorandum-Decision and Order of November 4, 2020, was based (other than to argue that, in engaging in the referenced collection activities, she was acting on the advice of counsel).  (Dkt. No. 1, Attach. 1, at 6.)  Nor need the Court linger on the issue of whether Appellant ever raised her recusal argument to Bankruptcy Judge Littlefield.

More important is the fact that, even if Appellant had preserved all of her appellate

---

168 (2d Cir. 2001) (quoting *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364 [1948]).  "[P]articularly strong deference [must be given to] a [bankruptcy] court's findings of fact based on credibility assessments of witnesses it has heard testify." *Pisculli v. T.S. Haulers, Inc. (In re Pisculli)*, 426 B.R. 52, 59 (E.D.N.Y. 2010), *aff'd*, 408 F. App'x 477 (2d Cir. 2011) (quoting *In re Boyer*, 328 F. App'x 711, 716 [2d Cir. 2009]).  Although the bankruptcy court's findings of fact are not conclusive on appeal, the party that seeks to overturn them bears a heavy burden. *H & C Dev. Group, Inc. v. Miner (In re Miner)*, 229 B.R. 561, 565 (B.A.P. 2d Cir. 1999) (citation omitted).

arguments and sufficiently opposed the Debtor's motion for partial summary judgment to avoid a facial-merit analysis of that motion, the Court would find, and does find, that Bankruptcy Judge Littlefield did not abuse his discretion by not reopening the case for the limited purpose of adding Appellant as a creditor (or for not providing Appellant with an Order of Discharge).  As Bankruptcy Judge Littlefield found, Appellant "was not listed [on the required schedule] as a creditor but was on notice of [the Debtor's] filing."  (Dkt. No. 1, Attach. 1, at 2.)  Nor has Appellant shown anything improper about Bankruptcy Judge's action of continuing to preside over the case under the circumstances.  (Dkt. Nos. 1, 16, 18.)  Appellant's appeal is therefore without merit.

ACCORDINGLY, it is

ORDERED that Appellant's appeal is **DENIED**, and Bankruptcy Judge Littlefield's Memorandum-Decision and Order is **AFFIRMED**.

Dated: September 17, 2021
        Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge